OFFICE OF THE ATTORNEY GENERAL

Gerald C. Mann, Attorney General


Mrs. Eloween Mesch, R. N.
Secretary-Treasurer
Board of Nurse Examiners
609 Milam Building
San Antonio, Texas

Dear Mrs. Mesch:

> Opinion No. 0-882
> Re: Authority of the Board of Nurse Examiners
> to approve applicants for a certificate as
> Registered Nurse who have suffered from
> tuberculosis; to approve student nurse for
> entry in approved schools who have gradu-
> ated from unapproved schools; to issue a
> special license to applicants for nursing
> tuberculosis cases only.

We acknowledge receipt of your inquiry of May 4, 1939, regarding the authority of the Board of Nurse Examiners in connection with the following questions:

"1. Could this Board be compelled to approve as student nurses at accredited nursing schools connected with either special or general hospitals, persons who have suffered from tuberculosis even though the disease has been declared to have been arrested by a competent physician?

"2. Could this Board be compelled to approve as student nurses at accredited nursing schools in connection with general hospitals, persons who have been graduated from a nursing school in connection with hospitals doing special work only, which latter schools have not been approved or accredited by this Board either as to qualifications of students nurses or as to courses of study by students or any other matter?

"3. Would this Board be authorized to issue a special license to applicants for nursing in tuber- cular cases only, where the applicants have attended a nursing school connected with a hospital accepting as patients only those afflicted with tuberculosis, whether the nursing school was accredited as a special nursing school or not, when the applicants have not attended for one continuous year an accredited nursing school in connection with a general hospital"?

We also have your letter of May 13, 1939, explaining that the

opinion of former Attorney General, Dan Moody, referred to in your original inquiry, was not a formal opinion but merely an oral one to the effect that the Board of Nurse Examiners does have the authority to promulgate rules and regulations in its discretion regarding the qualifications of students and hospitals.

Quoting from "Policies, Regulations and Recommendations for the Accreditation of Texas Schools of Nursing" promulgated by the Board of Nurse Examiners, we find the following requirement for students under the title "Admission Requirement";

Health: "A health certificate shall be required of all applicants and students who are suffering from organic defects must not be accepted."

We refer you to articles 4518 and 4518a bearing upon this subject:

Article 4518. "Qualifications of Nurses' Training Schools and Applicants. All special hospitals approved by the Board of Nurse Examiners, and general hospitals, which are equipped with not less than twenty-five (25) beds, and which have a daily annual average of not less than fifteen (15) patients, and which teach the course of study prescribed by the Board of Nurse Examiners of the State of Texas, are hereby constituted duly qualified and accredited nursing schools. A general hospital, as the term is here used, is a public or private institution where men, women, and children are treated for all kinds of diseases, bodily injury, or physical deformity by means of both medical and surgical treatment, and which maintains an organized staff of physicians and surgeons licensed to practice medicine in the State of Texas."

Article 4518a. "Certification of Graduates, Examination by State Board of Nurse Examiners. No person shall be certified as a graduate of any such nursing school unless such person has had three (3) full years of work and study in such school under a registered nurse, two (2) years of which must be continuous in the school of nursing from which she has graduated, or two (2) continuous years in a special hospital and one (1) continuous full year in a general hospital. And such graduate upon presenting such certificate to the State Board of Nurse Examiners shall upon the payment of required fees be entitled to take the examinations prescribed by the State Board; and upon making the passing grades prescribed by the Board, shall be entitled to receive from said Board a certificate certifying that such person is a graduate nurse and entitled to practice as a registered nurse in the State of Texas."

In response to your first question, it is impossible for us to answer whether the Board may approve a person who has suffered from

tuberculosis, even though the disease has been declared by competent physicians to have been arrested, in view of the regulation of the Board regarding the exclusion of students who are suffering from organic defects. This question can more appropriately be addressed to the State Board of Health. However, from the context of your letter we understand that it is the desire of the Board to know whether or not the Board has the power to promulgate such a regulation. We agree with what you refer to be the oral opinion of the former Attorney General, Dan Moody, that the Board does have this power inasmuch as the regulation seems to be a reasonable one and promulgated pursuant to the authority conferred upon the Board by article 4514, which, among other things, prescribes:

" * * * The board may make such by-laws and rules as may be necessary to govern its proceedings and to carry into effect the purpose of this law. * * * "

If we understand your second question correctly you wish to know whether or not your Board could be compelled to approve a student nurse, a graduate from an unapproved school, who wishes to enter an approved school operated in conjunction with a general hospital.

We do not understand from an examination of the statutes that your Board has the authority to approve students for entry into any school. Your Board simply approves the schools and approves the graduates for issuance of a registered nurse certificate to them. Therefore, a graduate from an unapproved school could, if otherwise qualified, enter an approved school and on graduation be entitled to a certificate.

In reply to your third question you asked whether or not the Board may be authorized to issue a special license to applicants for nursing in tubercular cases, where they attended a nursing school in connection with a hospital treating only tuberculosis cases, regardless of whether the nursing school is accredited as a special nursing school or not, when the applicants have not attended for one continuous year an accredited nursing school in connection with the general hospital. This question involves a number of points. We have discussed the matter of applicants having tuberculosis that has been arrested in the first question above. The question also necessarily involves whether or not a hospital accepting only patients afflicted with tuberculosis could qualify to support a collateral nursing school. You have not specifically asked this question, nor do we have the facts before us to determine whether or not such a hospital could qualify.

First, we find no authority conferred by the statute upon the Board to issue special licenses for any purpose. The Board is authorized to issue only a certificate certifying that a person is a graduate nurse and entitled to practice as a registered nurse in the State of Texas. Aside from the provisions authorizing the issuance of a temporary permit and permits to persons exempt from examinations, we find no other provisions governing the issuance of licenses and none authorizing the issuance of a special license based upon the facts that the applicant has been schooled at a hospital accepting

only tuberculosis students. It is our opinion, therefore, that question No. 3 should be answered in the negative.

With regard to the latter part of your third question, it is our opinion that if an applicant should be in other respects qualified, she would be entitled to a certificate, even though she had not attended for one continuous year an accredited nursing school in connection with a general hospital. As we interpret the statute, it provides for the issuance of a permit to applicants who have attended a special school as well as a general school for three continuous years. It is to be noted that article 4518 refers to what are special and general hospitals. Then 4518a refers to all such nursing schools and provides for the issuance of permits upon the basis of three full years of work and study in such schools, (regardless of whether such school be general or special).

We trust we have answered your question satisfactorily.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Hugh Q. Buck
Assistant

HQB:omb:ps

APPROVED JUN 22, 1939


ATTORNEY GENERAL OF TEXAS